IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| DONALD SHANNON WOODY, | CH. 7 CASE NO. 23-20096-jrs |
| Debtor, | |
| | ADV. PROC. NO. |
| CASEY MARTIN AND DOUGLAS HITCHON, | |
| Plaintiffs, | |
| v. | |
| DONALD SHANNON WOODY, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES AND FOR DETERMINATION OF DISCHAGEABILITY OF DEBT

Plaintiffs Casey Martin and Douglas Hitchon, by and through their undersigned counsel, file this Complaint for Damages and for Determination of Dischargeability of Debt against Defendant Donald Shannon Woody and state as follows:

### PRELIMINARY STATEMENT

1. This is an action for judgment to liquidate damages and to exclude the debt owed by Defendant to Plaintiffs pursuant to 11 U.S.C. § 523.

2. Plaintiffs bring this action for damages incurred as a result of Defendant's fraud and conversion arising in relation to a construction project Defendant undertook for Plaintiffs.

3. Plaintiffs filed suit against Defendant in the Superior Court of Stephens County for breach of contract, fraud, and conversion.

4. Defendant failed to answer, and Plaintiffs received a default judgment (attached hereto as

Exhibit A).

## PARTIES, JURISDICTION, AND VENUE

5. Defendant currently resides at 1192 Kay Road, Eastanollee, Georgia 30538-2810.

6. Defendant filed a voluntary Chapter 7 Bankruptcy Petition on January 30, 2023 (the "Petition Date"). Thus, this Court has personal jurisdiction over the Defendant.

7. Venue is proper in this Court pursuant to 28, U.S.C. § 1409.

8. This Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b).

9. This Court has subject matter jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334(b) because the Plaintiffs' claims against Defendant arise in, arise under, and are related to the Bankruptcy case. In this adversary proceeding, Plaintiffs seek a judgment for unliquidated damages and a ruling as to the dischargeability of the debt in the Bankruptcy case.

## GENERAL ALLEGATIONS

10. Defendant is a general contractor.

11. Plaintiffs hired Defendant to build an addition to their home at 449 Graeub Road in Lavonia, Georgia.

12. Defendant required a $100,000 deposit to begin work, which the Plaintiffs paid to him.

13. After spending no more than five days on the Plaintiff's project, Defendant quit.

14. Defendant quit in response to being requested to validate the project's expenses by sharing invoices and receipts with the Plaintiffs.

15. While working on the project, Defendant caused damage to Plaintiffs' property.

16. Specifically, Defendant blundered into the Plaintiffs' phone line, severing it.

17. Defendant also knocked over the Plaintiffs' propane tank.

18. Defendant's subcontractor, Waste Away, damaged the Plaintiffs' entry gate.

2

19. Defendant performed little work, mostly in tree removal.

20. Defendant successfully removed two trees for the Plaintiffs.

21. Defendant did not use any of his own equipment on the Plaintiffs' project; he used Mr. Hitchon's equipment.

22. Additionally, the Plaintiffs performed the layout of the addition.

23. The only other work Defendant performed besides the removal of the trees was some limited sitework in preparing the building site.

24. When the parties ended their agreement, Defendant refunded to Plaintiffs only $66,000 of their retainer, and kept $34,000.

25. Defendant refused to validate his calculation of $34,000 representing monies earned by him and expended by him on behalf of the Plaintiffs in furtherance of their project.

## COUNT I - Fraud

26. Plaintiffs reasonably relied on Defendant's claim that he would spend the Plaintiffs' $100,000 on job-related costs.

27. Defendant knew when he asked the Plaintiffs to make a deposit of $100,000 that he would spend their money in furtherance of other personal or professional obligations, and has in fact done so.

28. Defendant used the Plaintiffs' money for purposes not at all related to their project.

29. Plaintiffs have been injured in the amount to be determined by a finder of fact.

30. Plaintiffs are entitled to a judgment against the Defendant in an amount to be determined by the enlightened conscience of a fair and impartial jury.

## COUNT II - Conversion

31. Plaintiffs have demanded the return of their funds from Defendant.

32. Defendant has spent the Plaintiffs' funds on his own personal or professional expenses, and has not put them toward the completion of the Plaintiffs' project.

33. Defendant has refused to account for the $34,000 he has retained.

34. Plaintiffs have been injured in the amount to be determined by a finder of fact.

35. Plaintiffs are entitled to a judgment against the Defendant in an amount to be determined by the enlightened conscience of a fair and impartial jury.

### COUNT III - Punitive Damages

36. Defendant's actions were willful, malicious, fraudulent, wanton, oppressive and had the entire want of care that would raise the presumption of conscious indifference to the consequences.

37. Based upon the foregoing, Plaintiffs are entitled to award of punitive damages against the Defendant.

### COUNT IV – Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(A)

38. The debt owed to Plaintiffs by Defendant is based upon the money, property, or services obtained by false pretenses, false representations, or actual fraud.

39. A debt can be excluded from discharge if the debt was obtained by false pretenses, false representations, or actual fraud, per 11 U.S.C. § 523(a)(2)(A).

40. The Defendant's conduct as described herein constitutes false pretenses, false representations, or actual and/or constructive fraud.

41. The Defendant's debt to Plaintiffs should be excluded from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

### COUNT V – Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(6)

42. The debt owed to Plaintiffs by Defendant is based upon a willful and malicious injury by the Defendant to the Plaintiffs.

43. A debt can be excluded from discharge if the debt was obtained by a willful and malicious injury by a debtor to another entity or the property of another entity pursuant to 11 U.S.C. § 523(a)(6).

44. The Defendant's conduct as described herein constitutes a willful and malicious injury to the Plaintiffs.

45. The Defendant's debt to Plaintiffs should be excluded from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(6).

### COUNT VI – Attorney's Fees

46. Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense.

47. Plaintiffs are entitled to recover attorneys' fees and all costs of this action pursuant to O.C.G.A. § 13-6-11 and Federal Rule of Bankruptcy Procedure 7054.

WHEREFORE, Plaintiffs pray for the following relief:

a. A judgment that the debts and monetary awards owed by Defendant to Plaintiffs are excluded from Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and/or (a)(6);

b. An award of costs and reasonable attorney's fees reasonably incurred in connection with the investigation and litigation of this action; and

c. Any such further relief that the Court deems appropriate.

This 9th day of February, 2023.

**WILBANKS LAW FIRM, P.C.**

1215 South Elm Street  
Commerce, Georgia  30529  
T:  (706) 510-0000  
F:  (706) 243-6464  
dylan@wilbankslawfirm.com

  /s/ Dylan E. Wilbanks  
Dylan E. Wilbanks  
Georgia Bar No. 631371  
**Attorney for Plaintiffs**

5

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
STEPHENS COUNTY, GEORGIA
SUCV2022000231
CC
OCT 26, 2022 04:36 PM

Tim Quick, Clerk
Stephens County, Georgia

IN THE SUPERIOR COURT OF STEPHENS COUNTY
STATE OF GEORGIA

DOUG HITCHON and CASEY MARTIN,
Plaintiffs,
v.
DONALD WOODY,
Defendant.

Civil Action No.
SUCV2022000231

## DEFAULT JUDGMENT

**THE COURT**, having read and considered the Plaintiffs' Motion for Entry of Default Judgment Against Defendant Hubbard finds as follows:

1. The Plaintiffs filed the above-captioned action for damages against Defendant on or about July 18, 2022.

2. Defendant was served by a specially-appointed agent for service of process on August 19, 2022.

3. Plaintiff complied with USCR 15 in filing a Certificate of Default.

4. Defendant failed to respond to the action within thirty days as required by O.C.G.A. § 9-11-12, causing the action to go into default after September 19, 2022, and into irrevocable default on October 4, 2022, pursuant to O.C.G.A. § 9-11-55(a).

5. Plaintiffs withdrew their claims for unliquidated damages, and all that remains is their claim for liquidated damages in the amount of $34,000.

6. Defendant is not entitled to relief under the Servicemembers' Civil Relief Act.

**IT IS DECREED, ORDERED, AND ADJUDGED** that Plaintiffs' Motion for Entry of Default Judgment Against Defendant is **GRANTED** as follows:

The Plaintiffs awarded a judgment against Defendant in the amount of $34,000. This is the final judgment of the Court in this matter.

RECEIVED OCT 18 2022

B. Chan Caudell
Judge of Superior Court

**Exhibit A**

SO ORDERED this 19th day of October, 2022.

*B. Chan Caudell* (signature)

Hon. B. Chan Caudell, Judge
Superior Court of Stephens County
Mountain Judicial Circuit

Order prepared by:
Dylan E. Wilbanks
Georgia Bar No. 631371
**Attorney for Plaintiff**
1215 South Elm Street
Commerce, Georgia  30529
T:  (706) 510-0000
F:  (706) 243-6464